United States District Court
Southern District of Texas
**ENTERED**
October 05, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HANDY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-1115 |
| | § | |
| LORIE DAVIS, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document no. 31), in which Respondent argues that this § 2254 proceeding should be dismissed without prejudice based on Petitioner's failure to exhaust his state law remedies. Having considered that motion, Petitioner's Response(s) in opposition (Document Nos. 34 & 35), the claims alleged by Petitioner, the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be GRANTED, and that this § 2254 proceeding be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

### I. Procedural History

Christopher Handy ("Handy") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division as a result of a 2016 felony conviction for making a terroristic threat. Handy was charged by indictment with that offense on September 16, 2016, with

the indictment alleging a prior conviction for enhancement purposes. The State thereafter abandoned the enhancement paragraph, Handy pled guilty to the terroristic threat charge on September 29, 2016, and he was sentenced by the state trial court to four years imprisonment. Handy did not appeal. Instead, on or about January 15, 2017, he filed a state application for writ of habeas corpus. A little over two months later, the Texas Court of Criminal Appeals dismissed the application as "noncompliant with Tex. R. App. P. 73.1." Instead of re-filing a corrected state application for writ of habeas corpus, Handy filed this § 2254 proceeding on or about April 5, 2017. Respondent moves for dismissal, without prejudice, given Handy's failure to exhaust his state law remedies.

## II. Discussion

Handy raises several claims herein, as he did in his state application for writ of habeas corpus, related to his four year sentence, which he claims was "changed" after he pled guilty to reflect a deadly weapon finding that has made him ineligible for mandatory supervision release. Each of the claims Handy raises herein related to his four year sentence were generally included in his state application for writ of habeas corpus, which was dismissed by the Texas Court of Criminal Appeals as improperly filed, and which are not "exhausted" within the meaning of § 2254(b).

28 U.S.C. § 2254(b)(1) provides with respect to exhaustion of state law remedies:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In order to exhaust state law remedies, Texas prisoners must fairly present their claims to the highest state court, the Texas Court of Criminal Appeals, TEX. CODE CRIM. PROC. ANN. art. 44.45, through a petition for discretionary review and/or a state application for writ of habeas corpus. TEX. R. APP. P. 68; TEX. CODE CRIM. PROC. ANN. art. 11.07, et seq. In addition, the claims must be presented in a "procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 794 (5th Cir. 1993). "If, for whatever reason, an applicant bypasses the appellate processes of his state--whether through procedural default or otherwise--he will not be deemed to have met the exhaustion requirement absent a showing of one of two particulars. He must either demonstrate cause and prejudice or show that the failure to consider his claims will result in a fundamental miscarriage of justice." *Id*.

Here, despite the evidence Handy has submitted in this § 2254 proceeding in support of his claims, Handy has not presented his claims to the highest Texas court (the Texas Court of Criminal Appeals) in a procedurally correct manner for ruling. Because Handy can still do so, his claims are not exhausted. *Whitfield v. Thaler*, Civil Action No. H-12-3617, 2013 WL 74242 (S.D. Tex. Jan. 7, 2013); *Landrum v. Director, TDCJ-CID*, Civil Action No. 6:12cv437, 2012 WL 5392121 (E.D. Tex. Oct. 4, 2012). Moreover, given the absence of a showing that any exception to the exhaustion requirement applies, *Mercadel v. Cain,* 179 F.3d 271, 277 (5th Cir. 1999) (noting futility and/or lack of an available remedy in state court as recognized exceptions to the exhaustion doctrine), or that there is cause and prejudice associated with Handy's failure to pursue his state law remedies in a procedurally correct manner,[1] this § 2254 proceeding should be dismissed without prejudice for failure to exhaust state law remedies.

---

[1] In response to Respondent's Motion for Summary Judgment, Handy does not address or attempt to explain his failure to exhaust his state law remedies and, instead, merely argues that his claims have substantive merit.

### III. Conclusion and Recommendation

Based on the foregoing and the conclusion that Petitioner has not exhausted his state law remedies, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 31) be GRANTED and that this § 2254 proceeding be DISMISSED WITHOUT PREJUDICE for failure to exhaust state law remedies.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 5th day of October, 2017.

Frances H. Stacy
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE