United States District Court
Southern District of Texas
**ENTERED**
November 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER HANDY, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | § CIVIL ACTION NO. H-17-1115 |
| | § |
| LORIE DAVIS, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, CORRECTIONAL | § |
| INSTITUTIONS DIVISION, | § |
| | § |
| Respondent. | § |

## ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending is Respondent's Motion for Summary Judgment (Document No. 31) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Respondent's Motion for Summary Judgment be GRANTED, and that Petitioner's Application for Writ of Habeas Corpus be DENIED and DISMISSED without prejudice for failure to exhaust state law remedies. Petitioner has filed Objections to the Memorandum and Recommendation (Document Nos. 41 & 49). The Court, after having made a *de novo* determination of Respondent's Motion for Summary Judgment, Petitioner's Response, Petitioner's Application for Writ of Habeas Corpus, the Memorandum and Recommendation, and Petitioner's Objections thereto, is of the opinion that the findings and recommendations of the Magistrate Judge in the Memorandum and Recommendation are correct and should be and hereby are accepted by the Court in their entirety. Accordingly,

It is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge filed on October 5, 2017, which is adopted in its entirety as the opinion of this Court, that Respondent's Motion for Summary Judgment (Document No. 31) is GRANTED, and Petitioner's Application for Writ of Habeas Corpus (Document No. 1) is DENIED and DISMISSED without prejudice for failure to exhaust state law remedies. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of

2

reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, the Court determines that Petitioner has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists would not debate the correctness of the failure to exhaust ruling. Petitioner's Request for Certificate of Appealability (Document No. 43) is DENIED.

As for Petitioner's request for copies of several habeas proceedings he has filed in this District (Document No. 48), which he claims to need so that he can support a "motion for authorization" he intends to file with the Fifth Circuit, Petitioner has not shown how copies of the several habeas cases he has filed in the past year will further any filing with the Fifth Circuit. Moreover, Petitioner should already have copies of his own filings and should have received copies of all Orders issued by the Court. His request for records (Document No. 48) is therefore DENIED.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas this 28TH day of November, 2017.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

3